People of the State of Illinois ex rel. Annie Lloyd,
Appellee, v. Earnest Starks, Appellant.

Gen. No. 47,663.

First District, Third Division.
April 30, 1959.
Released for publication June 22, 1959.

Frederick S. Stein, of Chicago, for defendant-appellant.

No brief filed for appellee.

PRESIDING JUSTICE FRIEND delivered the opinion of the court.

The plaintiff, Annie Lloyd, filed a sworn complaint in the Municipal Court, under the provisions of the Paternity Act (Ill. Rev. Stat. 1957, ch. 17, pars. 38–53 (secs. 1–16)), alleging that on September 27, 1957 she was delivered of a female child, that she was an unmarried woman, and that the defendant, Earnest Starks, was the father of the child. Trial by the court without a jury resulted in a finding that defendant was the father of the child, and he was ordered to pay $10 a week for support of the child until further order of court.

Starks, appealing, contends that the Municipal Court has no jurisdiction in a proceeding under the Paternity Act. His counsel argues that, although jurisdiction to try bastardy cases was conferred on the Municipal Court in 1907 (Illinois Session Laws of 1907, sec. 2), the Paternity Act, which repealed the so-called Bastardy Act and became effective in 1957, does not specifically vest the Municipal Court with jurisdiction to hear cases pertaining to the paternity of children born out of wedlock. It is urged that such jurisdiction is conferred solely on the Circuit Court under paragraph 41 (section 4) [Ill. Rev. Stats. ch. 17] of the Paternity Act. However, that section also provides: "All other courts of record having jurisdiction of actions to establish the paternity of children born out of wedlock may also hear and determine such proceedings in the manner provided by this Act."

The Courts Act (Ill. Rev. Stat. 1957, ch. 37, par. 357 (sec. 2)) sets out the scope of the jurisdiction of the Municipal Court of Chicago which it treats under six classes of cases, the sixth class including "(d) all bastardy cases." Although the Bastardy Act was repealed, the provisions of the Municipal Court Act defining jurisdiction remain effective. The clear intent is to retain within the jurisdiction of the Municipal Court, cases affecting paternity of children

2

born out of wedlock. One of the prime objectives of the Bastardy Act was to determine the putative father and to compensate the mother, either by the payment of a lump sum or in payments over a period of time. The new act materially enlarges the responsibility of the putative father by making him liable for the support, maintenance, education and welfare of the child until it reaches eighteen years of age or is adopted; and he is also liable for the reasonable expenses of the mother during her pregnancy, confinement and recovery. It would be a narrow construction, indeed, to hold that the change in designation from "bastardy" to "paternity" was intended to divest the Municipal Court of jurisdiction in this class of cases.

We think the Municipal Court had jurisdiction to hear and determine the question of paternity, and to enter the order from which this appeal is taken; the judgment is therefore affirmed.

Judgment affirmed.

BRYANT and BURKE, JJ., concur.