## The People of the State of Illinois, ex rel. Annie Lloyd, Appellee, v. Earnest Starks, Appellant.

### Gen. No. 47,900.

First District, Third Division.

December 23, 1959.

Released for publication January 28, 1960.

Frederick S. Stein, of Chicago, for defendant-appellant.

Benjamin S. Adamowski, State's Attorney of Cook county, for plaintiff-appellee. No brief filed for appellee.

JUSTICE FRIEND delivered the opinion of the court.

In the case of People v. Starks (opinion filed April 30, 1959, 22 Ill.App.2d 1), the plaintiff, Annie Lloyd, alleged, and the court found, that she was delivered of a female child, that she was an *unmarried* woman, and that the defendant, Earnest Starks, was the father of the child, and he was ordered to pay $10 a week for child support until further order of court. That judgment was affirmed here.

Subsequently, on June 19, 1959, Earnest Starks, the defendant, filed a motion in the trial court, supported by a verified petition and exhibit, to vacate the judgment and dismiss the former proceeding, al-

leging that plaintiff was married to Willie Lloyd on September 14, 1948, and since that date has remained married to him, and contending that under subsection 50a of the Municipal Court Act (Ill. Rev. Stat. 1959, ch. 37, sec. 407) the Municipal Court of Chicago has no jurisdiction over paternity cases unless the complainant is unmarried. The State's Attorney of Cook County, as parens patriae, filed an information advancing the same contention.

In our original opinion, we pointed out that the Municipal Court Act (Ill. Rev. Stat. 1959, ch. 37, sec. 357, subsec. 2) sets out the scope of the jurisdiction of the Municipal Court which it treats under six classes of cases, the sixth class including "(d) all bastardy cases," and that although the Bastardy Act was repealed, the provisions of the Municipal Court Act defining jurisdiction remain effective. The clear intent is to retain, within the jurisdiction of the Municipal Court, cases affecting the paternity of children born out of wedlock. Section (d) referred to above specifically includes "all bastardy cases," and it makes no distinction between children born to married or unmarried women. We also said in our original opinion that one of the prime objectives of the Bastardy Act was to determine the putative father and to compensate the mother, either by payment of a lump sum or in payments over a period of time, and that the Paternity Act (Ill. Rev. Stat. 1959, ch. 106¾, secs. 51 et seq.), which replaces the Bastardy Act, materially enlarges the responsibility of the putative father by making him liable for the support, maintenance, education, and welfare of the child until its attainment of age eighteen or until it is legally adopted, and that the putative father is likewise liable for the reasonable expenses of the mother during the period of her pregnancy, confinement, and recovery. We concluded that it would be a narrow construction, in-

431

deed, to hold that the change in designation from "bastardy" to "paternity" was intended to divest the Municipal Court of jurisdiction in this class of cases, and found that it merely prescribed a different procedure. We adhere to that opinion. Subsection 50a of the Municipal Court Act deals with practice and procedure and not with jurisdiction.

When this matter was in the Municipal Court for the second time, on defendant's motion to vacate the original adverse judgment from which he subsequently and unsuccessfully appealed, the trial court entered an order overruling his motion. With respect to defendant's appeal following this second Municipal Court proceeding, we again hold that a narrow statutory construction would defeat the legislative intent, and therefore the judgment against defendant is affirmed.

Judgment affirmed.

BRYANT, P. J. and BURKE, J., concur.